IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL 13 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| BARBARA JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No. 1:10-CV-00046 |
| KEYSTONE MARION, LLC, and | ) |
| KEYSTONE EDUCATION AND YOUTH | ) |
| SERVICES, LLC, all d/b/a MARION | ) |
| YOUTH CENTER, | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

UPON MOTION of the parties to this action, Plaintiff Barbara Jones and Defendants Keystone Marion, LLC and Keystone Education and Youth Services, LLC, by counsel, having determined that certain documents and information produced during discovery in this litigation should be kept confidential to protect the legitimate business interests of the parties, their clients and business associates, and other persons, and good cause having been shown, it is hereby **ORDERED** pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following provisions shall govern documents and information produced in discovery in this litigation:

1. **Definitions.**

    For the purposes of this Protective Order only:

    A. "Document" includes electronically stored information ("ESI") and all tangible written, recorded, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the federal discovery rules or by agreement and includes,

without limitation, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs.

B.    As used herein, the term "Parties" includes Plaintiff Barbara Jones and Defendants Keystone Marion, LLC and Keystone Education and Youth Services, LLC.

C.    As used herein, the term "Parties' attorneys" includes all attorneys of record in these proceedings, their partners, associates, paralegals, legal assistants, clerks and other persons employed by such attorneys, all of whom shall be bound by the provisions of this Protective Order to the same extent as attorneys of record.

D.    As used herein, the term "Parties' fact or expert witnesses" includes all persons whom the parties' counsel reasonably believe to have knowledge or information relevant to this case or who were retained or consulted by the parties or the parties' attorneys to assist in the preparation for or the conduct of this case.

E.    "Confidential" means any document or information contained in documents, testimony or other materials that bears the legend, or is otherwise designated, "Confidential" and that the producing party designated as "Confidential" and believes in good faith to contain confidential information. Production of any information or document inadvertently not designated confidential shall not itself be deemed a waiver of the producing person's claim of confidentiality as to such matter, and the producing person or a party to this action may thereafter designate the same as confidential. All documents produced shall be treated as though they were confidential documents for five (5) business days after their production to allow any party to this action to designate any of such documents as may be appropriate as confidential if the producing person has not done so.

F. "Confidential Records" means any and all Documents or information identified in this case by either party as "Confidential."

G. "Protected Health Information" means any information that has been created or received by a health care provider, health plan, employer, or health care clearinghouse and that relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual and that identifies the individual or with respect to which there is a reasonable basis to believe the information can be used to identify the individual.

**2.    Non-Waiver of Privileges.**

A. The Parties anticipate discovery will include the review and/or production of ESI and other Documents that the producing party may deem protected by the attorney-client privilege, work-product doctrine and/or other privileges and protection ("Information Claimed to be Privileged").

B. The Parties mutually understand and agree that the information, and the technical processes they will use to review and produce the ESI, increases the risk that Information Claimed to be Privileged may inadvertently be produced or disclosed despite reasonable precautions to prevent inadvertent production.

C. In the event of inadvertent production or disclosure of Information Claimed to be Privileged, counsel shall notify opposing counsel within seven (7) days of determining the information is privileged or protected, and that it was inadvertently produced.

D. Within seven (7) days of receiving notice, or within such time as the parties mutually agree, counsel for the party who received the Information Claimed to be Privileged shall locate the information and take reasonable steps to retrieve any copies, and either:

(1) destroy the Information Claimed to be Privileged and all copies of the information by a method mutually agreeable to the parties, pending resolution of the claim of privilege or protection;

(2) sequester the Information Claimed to be Privileged and all copies of the information by a method mutually agreeable to the parties, pending resolution of the claim of privilege or protection;

(3) return the Information Claimed to be Privileged and all copies, pending resolution of the claim of privilege or protection; OR

(4) submit the Information Claimed to be Privileged to the Court under seal requesting that the Court resolve any claim of privilege or protection.

E. The Parties mutually understand and agree that no Information Claimed to be Privileged will be used for any purpose, including at trial, until the claim of privilege or protection has been resolved.

3. **Use of Information and Documents.**

The Parties agree to keep the Confidential Records confidential. The Parties shall use the Confidential Records only for the purpose of litigation in this action or in the matter of *United States et al. v. Universal Health Services, Inc., et al.*, 1:07-cv-00054 (the "UHS *Qui Tam*") and shall not be disclosed to any other persons except those authorized by this Protective Order. All persons obtaining access to Confidential Records shall use the information or documents only for preparation and trial of this action or the UHS *Qui Tam*, including any appeals and/or retrials of those actions, and shall not use such information or documents for any other purpose, including for business or governmental purposes or for any administrative or other judicial proceeding.

4. **Permissible Disclosure of Confidential Information and Documents.**

Notwithstanding the provisions of the preceding paragraph, the parties may disclose to persons who may be called as witnesses in the case during trial or discovery such Confidential Records that counsel believes in good faith to be necessary for the adequate preparation or presentation of the case. Prior to any such disclosure under this paragraph, counsel shall inform the witness of the provisions of this Order and obtain his or her written agreement on Exhibit 1 to be bound by this Order (to which shall be attached a copy of this Order).

5. **Designation of Confidential Portions of Depositions.**

All testimony which refers or relates to Confidential Records, and all deposition exhibits that consist of confidential documents or contain information previously designated as confidential, shall automatically be deemed designated confidential. Not more than ten (10) days after receiving a deposition transcript, any of the parties or the deponent may designate additional specific testimony or transcript pages as confidential by written notice to counsel for all parties and the deponent. Until the expiration of the 10-day period, the entire deposition testimony and transcript shall be treated as confidential. At the end of the 10-day period, each portion of testimony or page of the transcript designated as confidential will be Confidential.

6. **Use of Confidential Records and Information at Trial.**

Nothing in this Protective Order shall be construed as limiting the admissibility, at the trials of this action or the UHS *Qui Tam*, of documents or information contained in the Confidential Records should the documents or information otherwise be admissible.

7. **Non-Disclosure of Protected Health Information**

The Parties shall not use or disclose Protected Health Information for any purpose other than the purpose of litigating this matter or litigating the UHS *Qui Tam*. Protected Health

Information shall not be used by the Parties, the Parties' attorneys, the Parties' witnesses, or any other person to whom the Protected Health Information is disclosed, for any other purpose, including for business or governmental purposes or for any administrative or other judicial proceeding.

8.     **Challenges to Designations of Confidentiality.**

Any party may, at any time after attempting to resolve the matter by agreement, apply by motion to the Court for a ruling that certain documents or testimony designated as confidential, or the information therein, are not entitled to confidential status or protection. The confidential status of the documents, testimony, and/or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom. No party shall be obligated, however, to challenge the propriety of the designation of any material as confidential, and a failure to do so shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such material to unauthorized persons.

9.     **Nonwaiver of Objections to Discovery.**

Nothing herein shall affect any person's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information. Nor shall anything herein affect any person's right to seek the production of documents, testimony, or any other information from any other source. Similarly, documentation or information obtained from a third party containing information designated by a party as "Confidential" shall not be deemed as Confidential under this Order.

10.    **Procedure Upon Unauthorized Disclosure.**

If any Confidential Records are disclosed to any person other than one entitled to disclosure in the manner authorized under this order, the party responsible for the disclosure

shall immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person. Notwithstanding the foregoing, counsel of record are responsible for employing reasonable measures to control duplication of, access to, and distributions of Confidential Records under the terms of this Order.

11. **Procedure Upon Termination of Litigation.**

Upon final determinations in both this action and the UHS *Qui Tam*, including all appeals therefrom, the Parties, the Parties' attorneys and the Parties' fact and expert witnesses shall assemble and return to counsel for the disclosing party all of the Confidential Records and Protected Health Information, including all copies, summaries and abstracts of same. The Parties' attorneys may, in the alternative, destroy any summaries and/or abstracts of the Confidential Records and Protected Health Information, if counsel believes such documents qualify for protection as attorney work product.

12. **Right To Seek Modification.**

Nothing in this Order shall be construed to limit, restrict, or otherwise affect the ability of the Parties to seek by motion the modification or revision or amendment of this Order.

It is so **ORDERED**. Let the Clerk send a copy of this Order to all counsel of record herein.

ENTERED: 7/13/2011

_____
United States District Judge

15253724_3.DOC

WE ASK FOR THIS:

Respectfully submitted,

| **KEYSTONE MARION, LLC** and **KEYSTONE EDUCATION AND YOUTH SERVICES, LLC** | **BARBARA JONES** |
|---|---|
| By: /s/ W. Benjamin Pace<br>Virginia State Bar No. 48633<br>Counsel for Defendants<br>WILLIAMS MULLEN, PC<br>Post Office Box 1320<br>Richmond, VA 23218-1320<br>Telephone: (804) 420-6000<br>Fax: (804) 420-6507<br>Email: wpace@williamsmullen.com | By: s/ Mark T. Hurt<br>Virginia State Bar No. 36380<br>Counsel for Plaintiff<br>Mark T. Hurt Attorney at Law<br>159 West Main Street<br>Abingdon, VA 24210<br>Telephone: (276) 623-0808<br>Fax: (276) 623-0212<br>Email: markthurt@yahoo.com |
| Martin A. Donlan, Jr. (VSB No. 15709)<br>Heath H. Galloway (VSB No. 64567)<br>WILLIAMS MULLEN, PC<br>200 South 10th Street, Suite 1600<br>Post Office Box 1320<br>Richmond, VA 23218-1320<br>Telephone: (804) 420-6000<br>Fax: (804) 420-6507<br>Email: mdonlan@williamsmullen.com<br>Email: hgalloway@williamsmullen.com | Daniel Robert Bieger<br>Virginia State Bar No. 18456<br>Counsel for Plaintiff<br>Copeland & Bieger, PC<br>P. O. Box 1296<br>Abingdon, VA 24212<br>Telephone: (276) 628-9525<br>Fax: (276) 628-5901<br>Email: mail@copelandbieger.com |

## **EXHIBIT 1**

I, the undersigned, hereby acknowledge receipt of a copy of the Protective Order (the "Order") entered by the United States District Court for the Western District of Virginia, Abingdon Division in Case No. 1:10CV46. I hereby agree to be bound by the terms of the Order and shall not disclose or make use of any documents, material or information designated by the Parties as confidential except as permitted by the Order.

_____       _____
Name                                                               Signature

                                                                          _____
                                                                          Title

                                                                          _____
                                                                          Date